ALLEN J. MILLER *vs.* STATE BANK OF DULUTH.

Argued May 7, 1894. Reversed May 24, 1894.

No. 8803.

**Principal and Agent.**

 An agent depositing money of his principal in his own name as agent,—thus, "A. J. Miller, Agent,"—cannot maintain an action for it in his own name after his agency ceases.

Appeal by defendant, the State Bank of Duluth, from an order of the District Court of St. Louis County, *Charles L. Lewis,* J., made November 4, 1893, denying its motion for a new trial.

Simon Clark & Co. of Duluth were in grocery trade and became embarrassed and called a meeting of their principal creditors for March 11, 1893. The creditors after consultation orally agreed that the firm should go on, and that the plaintiff, Allen J. Miller, should be made agent of the firm and go into the store on a salary and assist to sell the goods and collect the demands, and that he should deposit the proceeds in bank until Simon Clark the senior member of the firm should return from Scotland. Plaintiff agreed to this and between that date and April 13, 1893, he received for the firm and deposited in the State Bank of Duluth $6,077.44 to the credit of A. J. Miller agent. He checked out in the same time $2,581.53. Clark returned and all the members of the firm made an assignment of their individual and firm property April, 13, 1893, to R. F. Fitzgerald in trust for the equal benefit of all their creditors. The bank then claimed the equitable right to setoff against the money so deposited by plaintiff certain notes held and owned by it and made or indorsed by the firm of Simon Clark & Co. and falling due some before and some after the assignment, but exceeding in amount $15,000 in the aggregate. To escape that question this action was brought for the $3,495.91 in the name of the plaintiff, he claiming to have received the money and to have deposited it as trustee of an express trust for the creditors of the firm. A jury was waived and the court made findings and ordered judgment for plaintiff. The defendant moved for a new trial, being denied it appeals.

*Cotton Dibell & Reynolds,* for appellant.

It is unnecessary to discuss at length to whom the moneys received by Miller and by him deposited with the bank belonged. He was not the owner of it. It was derived from sales of merchandize belonging to Simon Clark & Co. and from the collection of accounts owing to them. Miller was their clerk on a salary. He was not a trustee nor was there any express trust. Simon Clark & Co. owned the merchandize and accounts and therefore owned the moneys derived from their sale and collection. Miller never owned the merchandize or the accounts. What was said and done at the meeting of the creditors held in March, 1893, did not invest Miller with title to the merchandize or accounts of Simon Clark &

Co. nor with the ownership of the money into which they were subsequently changed. After the voluntary assignment of Simon Clark & Co. this money did not belong to Miller or to Simon Clark & Co.

The bank claims the right to setoff the $14,000 indebtedness of Simon Clark & Co. to it, against its indebtedness of $3,495.91 to Simon Clark & Co. *Martin* v. *Pillsbury,* 23 Minn. 175.

Courts of equity in permitting setoffs against obligations accruing to insolvents will disregard the nominal parties and consider the real parties in interest and will setoff an obligation not yet due against a matured obligation. *Gallagher* v. *Germania Brewing Co.,* 53 Minn. 214; *Nashville Trust Co.* v. *Fourth Nat. Bank,* 91 Tenn. 336; *Carr* v. *Hamilton,* 129 U. S. 252; *Schuler* v. *Israel,* 120 U. S. 506.

Counsel contend that the allowance of the offset would operate as a preference of its claim over the claims of other creditors of Simon Clark & Co. A preference of one creditor over another is not objectionable except as forbidden by Laws 1881, ch. 148, and such preference can only be avoided by a direct action brought for that purpose under the provisions of that act, that is by an action brought by the assignee of the insolvents. *Smith* v. *Diedrick,* 30 Minn. 60; *Berry* v. *O'Connor,* 33 Minn. 29; *Mackellar* v. *Pillsbury,* 48 Minn. 396.

Nor was defendant estopped by anything he participated in at the meeting of creditors. As a result of such meeting Miller was employed on a salary to assist the firm of Simon Clark & Co. and as a part of the same transaction it was arranged that the money accruing from the sales of merchandize and from the collections of accounts should be deposited in the American Exchange Bank and in the State Bank of Duluth. This was done. It is not claimed that Miller in depositing the funds did otherwise than as directed. What he did in this respect was done with the consent of the creditors present at these meetings and with the consent of Simon Clark & Co. He has incurred no liability. One of the essential elements of an estoppel *in pais* is that the party seeking to urge the estoppel will be substantially prejudiced by not being permitted to assert it. *Caldwell* v. *Auger,* 4 Minn. 217; *Whitacre* v. *Culver,* 8 Minn. 133;

v.57M.—21

*County Com'rs* v. *Robinson*, 16 Minn. 381; *Pence* v. *Arbuckle*, 22 Minn. 417; *Hawkins* v. *Methodist Church*, 23 Minn. 256.

*Wm. A. Cant* and *Walter Ayers*, for respondent.

The bank is estopped by having accepted and dealt with the funds in question as funds of the plaintiff and in his name. These moneys were placed in Miller's control with the consent of the insolvents, and of the creditors including the bank to prevent preferences and he deposited them and the bank received them from him and opened an account with him. It honored his checks. The defendant thereby recognized Miller's ownership and the agreement between him and the creditors and is now estopped to question the same. *Keyser* v. *Simmons*, 16 Fla. 268.

A person depositing money with a bank, no matter in what capacity, is entitled to have the same repaid to him upon demand. *Munnerlyn* v. *Augusta Sav. Bank*, 88 Ga. 333; *Jackson* v. *Bank of United States*, 10 Pa. St. 61; *First Nat. Bank* v. *Mason*, 95 Pa. St. 113; *Lund* v. *Seaman's Bank*, 37 Barb. 129; *Sinclair* v. *Murphy*, 14 Mich. 392.

Defendant is estopped to deny that Miller is the real party in interest. Of all the creditors interested in this matter none seeks to disturb the agreement or question Miller's right save the bank. In so doing it is guilty of a culpable breach of faith, and in the event of success it would secure a pecuniary advantage thereby. Defendant practically admits that it is guilty of an unconscionable breach of faith and admits that some one is seriously wronged and damaged, but urges that it is not the plaintiff. *Minnesota Thresher Mfg. Co.* v. *Heipler*, 49 Minn. 395.

GILFILLAN, C. J. Plaintiff was agent for Simon Clark & Co., and, as such, deposited money of theirs with defendant to the credit of himself,—"A. J. Miller, Agent." Afterwards Simon Clark & Co. made an assignment in insolvency.

Whether plaintiff could or could not, while his agency continued, maintain an action in his own name on the deposit, he certainly could not after his relation to the deposit ceased by the revocation of his agency with respect to it.

The assignment of his principals, Simon Clark & Co., worked such revocation.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 309.)