L. H. HAWKINS *vs.* MOSES MANSTON *et al.*

Submitted on briefs April 26, 1894.  Reversed May 24, 1894.

No. 8641.

Trial of challenge of juror.

When a challenge of a juror for actual bias is, by consent, tried by the court, its finding is conclusive.

Verdict not supported by the evidence.

Evidence considered, and *held* not to justify the verdict.

Appeal by defendants, Moses Manston, John A. Bowman Jr., Courtney A. Buell and Benjamin Herrig, from a judgment of the District Court of Itasca County, *G. W. Holland, J.,* entered July 12, 1893, against them for $104.67 damages and $70.21 costs.

The plaintiff, L. H. Hawkins, brought this action for false imprisonment.  At the trial November 2, 1892, John Beckfelt was called as a juror and was challenged by defendants for actual bias. The challenge was denied and by consent was tried by the court. The challenge was found not true and defendants excepted.  From the evidence given it appeared that John McCaffrey was shot and killed by one Tom Lewis on August 27, 1892, in the street in the Village of La Prairie, that Lewis was arrested but escaped and that plaintiff, L. H. Hawkins, was a lawyer residing in the village and was suspected of aiding and advising in the escape, that a public meeting was held at which P. H. Varley was appointed to select eight assistants and make every possible effort to discover and rearrest Lewis, that Varley afterwards on the same day arrested the plaintiff without warrant or accusation and detained him in the village lockup for two hours on suspicion that he had aided in concealing Lewis

and effecting his escape.    The defendants were at the meeting of citizens.    The jury found a verdict for plaintiff and assessed his damages at $100.    Defendants moved for a new trial but were refused and judgment was entered on the verdict.   ·They appeal from the judgment.

*True & Neal,* for appellants.

*W. Hammons,* for respondent.

GILFILLAN, C. J.    The first and second assignments of error are not well founded, because it is settled that where a challenge of a juror for actual bias is, by consent, tried by the court, its finding is conclusive.    *Morrison* v. *Lovejoy,* 6 Minn. 319 (Gil. 224), in a civil action, and *State* v. *Mims,* 26 Minn. 183, (2 N. W. 494, 683,) in a criminal action.

Permitting testimony that Varley, one of the three men who arrested plaintiff, said he had orders from the defendant Manston to make the arrest, was error.    No such connection between Varley and Manston with respect to the arrest of plaintiff was shown as to make the declarations of one evidence against the other.    For this error the judgment must be reversed as to Manston.

The evidence was not such as to justify a finding that any of the other defendants were in any way connected with the arrest or detention.    As to Buell, aside from his presence at the meeting hereafter referred to, the only evidence was that, he being a justice of the peace, Varley and the other two, upon arresting plaintiff, took him before Buell, who, upon plaintiff's demand to know why he was arrested, said there was no warrant or complaint before him,—that he was under arrest by order of the village council.    Buell took no action in the matter, made no order for his detention, and he afterwards told Varley to let him go.    The place of a justice of the peace would be a hard one if, on that sort of evidence, he could be held as a party to the unlawful arrest and detention.

As to Bowman and Herrig, they could not be claimed to have had any connection with the arrest unless by reason of their being present at a meeting of citizens.    A murder had been committed in the place, the murderer had been arrested, and had made his escape.    The purpose of the meeting seems to have been to take measures for his rearrest.    The meeting appears to have been some-

what excited, as was natural, and its proceedings somewhat disorderly; but it is clear it was resolved to offer a reward, to appoint Varley to associate eight others with him to search for and rearrest the murderer, and also to arrest one Nevo, the murderer's brother-in-law. An effort was made at the trial to show, also, that a motion was made and carried to arrest plaintiff. The attempt to prove this was by the testimony of a witness whose account was, from some cause, so rambling, confused, and self-contradictory as to be utterly unreliable when opposed to the direct and positive testimony of five or six others, who were present at the meeting, who testify that no motion to arrest plaintiff was carried or made, and that the only reference to plaintiff was that, after the motion to arrest Nevo was carried, some one in the rear of the meeting near the door called out, "And arrest the man with him" (who was plaintiff).

The court ought to have directed a verdict, as requested, for the defendants Buell, Bowman, and Herrig.

Judgment reversed as to all the defendants.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 309.)