THOMAS PERRY v. ANDREAS M. MILLER.[1]

June 20, 1895.

Nos. 9454—(177).

**Trial—Jurors—Triers.**

> Where the court acts as trier of a challenge to a juror for actual bias, the decision is final and cannot be reviewed on appeal.

**Matters not of Record—Review.**

> Matters which occur out of court or in another action have no place in a bill of exceptions, but, for the purpose of a motion for a new trial or an appeal, should be presented by affidavit.

Appeal by plaintiff from an order of the district court for St. Louis county, Lewis, J., denying a motion for a new trial. Affirmed.

*John Jenswold, Jr.*, for appellant.

*Billson, Congdon & Dickinson*, for respondent.

CANTY, J. This is an action for personal injury alleged to have been caused by the negligence of defendant while plaintiff was in his employ. The defendant had a verdict. Plaintiff moved for a new trial, which was denied, and he appeals. The case comes up on a bill of exceptions.

1. Two of the jurors sworn in the case were each challenged by plaintiff for actual bias, and each, on examination, stated that he was prejudiced against this class of cases. On his examination and cross-examination he gave to this prejudice several shades, sometimes explaining it nearly all away, and again affirming its existence. The trial court found the challenge not true, in each case, and plaintiff excepted. It also appears that plaintiff exhausted his peremptory challenges. It is well settled in this state that when the court acts as trier of a challenge to a juror for actual bias, the decision is final, and will not be reviewed on appeal. Hawkins v. Manston, 57 Minn. 323, 59 N. W. 309, and cases cited.

2. When the jury was being impaneled, the juror Wilkey was examined without being sworn, and stated that he had no bias or prejudice either for or against a plaintiff in this class of actions, and

[1] Reported in 63 N. W. 1040.

he was accepted, sworn, and served as a juror in this action. There is incorporated in the bill of exceptions a statement that, after the verdict was rendered in this action, Wilkey was called as a juror in another personal injury case between other parties,—a case which was brought by a servant against his employer for injury caused by the employer's negligence, and which was called for trial before the same judge; that Wilkey was challenged for actual bias in that case, was sworn and examined, and testified that he was biased against this class of cases, and that a case of this class recently brought against him was still pending. There is no affidavit or other evidence in the record to show that these things ever occurred, except the certificate of the trial judge to the bill of exceptions, and a counter affidavit made by Wilkey himself, in which he states that he did not understand the question asked of him in that case relative to a suit of this kind having been brought against him, and that his answer was erroneous; that no such suit was ever commenced against him; and also an affidavit of plaintiff and his attorneys, in which they state that they had no knowledge that Wilkey was thus biased until after he had given his testimony in that action, in which he stated that he was. But it is not stated in, and cannot be inferred from, this last affidavit that the parties making it ever heard Wilkey testify in that case, or that what they state as to his testimony is anything more than hearsay.

Conceding, without deciding, that testimony taken in a suit between other parties may be used as an affidavit in this suit, and conceding, without deciding, that such testimony or affidavit of the juror is competent to impeach his own verdict, still it does not sufficiently appear that he ever gave such testimony. The office of a bill of exceptions is to place in the record what occurs before the court on the trial of the action brought up for review. Matters occurring out of court, or on the trial of another action, have no place in such a bill of exceptions, but should be set up by the affidavit of some one who has personal knowledge of the facts.

The order appealed from is affirmed.